FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 18 2018 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
POWER UP LENDING GROUP, LTD.,

           Plaintiff,

-against-

GREY CLOAK TECH, INC., PATRICK STILES
AND WILLIAM BOSSUNG,

           Defendants.
------------------------------------------------------------x

Civil Action No.:

CV-18 2832

BIANCO, J.
LOCKE, M. J.

## COMPLAINT

Plaintiff, Power Up Lending Group, Ltd ("Power Up or Plaintiff"), files this Complaint and alleges the following:

### I. SUMMARY

1. Through this action, Power Up seeks to recover losses caused by Grey Cloak Tech Inc. ("Defendant"), Patrick Stiles ("Stiles") and William Bossung ("Bossung") through their intentional and/or reckless misconduct, including compensatory and/or rescissory damages, which losses may only be avoided if the relief described herein below is granted.

2. That Power Up was an investor in the Defendant and was well-known to the Defendant. Power Up's business strategy at the time of the stock purchases and loans and issuance of notes at issue was to invest in publicly-traded, nano-cap companies whose securities are traded on the Over the Counter Bulletin Board, OTCQB and the "Pink Sheets." Nano-cap companies, such as the Defendant, are often capital-constrained, as their low market capitalization hinders their access to banks or investment firms. Power Up provides capital to such companies, as an investment in return for shares purchased at a discount to market price.

Stiles was at all times relevant herein the CEO and the President of the Defendant and Bossung was at all times relevant herein the CFO and Principal Executive Officer of the Defendant.

3. That Power Up invested $131,000 in the Defendant by purchasing securities directly from the Defendant and making loans thereto and has sustained damages of $248,420 exclusive of attorney's fees, pre-judgment interest, costs and late fees.

## II.     JURISDICTION AND VENUE

4. Defendant, directly and indirectly, singly or in concert, made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, or of the mails in connection with the acts, practices and courses of conduct alleged in this Complaint, certain of which occurred within the Eastern District of New York, such that jurisdiction exists in this state.

5. That in addition, jurisdiction exists under 28 U.S.C. § 1332 as there is complete diversity between the parties and more than $75,000 is at issue exclusive of costs, fees and interest.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b), because certain of the transactions, acts, practices, and courses of conduct constituting violations of duties occurred within this judicial district. Additionally, Power Up transacts business and maintains its principal place of business in this district. That further, the Defendant has contractually agreed with Power Up to fix venue for any action in the State of New York, County of Nassau, which is within the Eastern District and the jurisdiction of this Court. That in addition, certain of the wrongful acts undertaken and misrepresentations made were made by Stiles and Bossung within the State of New York, County of Nassau. That further, Stiles and Bossung were signatories to some or all of the instruments between the parties including the contractual venue and

jurisdictional provisions, and they were closely related enough to the Defendant and the transactions at issue that they are likewise bound by those venue and jurisdictional provisions.

7. That in connection with the acts alleged in this Complaint, the Defendant directly or indirectly used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

### III. PARTIES

8. That at all times relevant herein, Power Up has been and remains a corporation organized and existing under the laws of the State of Virginia with an office for business in the County of Nassau, not engaged in the banking business, and is a citizen of the State of Virginia.

9. That at all times relevant herein, the Defendant has been and remains a corporation organized and existing under the laws of the State of Nevada, with an office for business in the State of Nevada and is a citizen of the State of Nevada. That at all times relevant herein, Bossung has been and remains a resident of the State of Nevada and is a citizen of the State of Nevada. That at all times relevant herein, Stiles has been and remains a resident of the State of Colorado and a citizen of the State of Colorado.

### IV. FACTUAL ALLEGATIONS

10. That heretofore and from time to time, the Defendant has made material misrepresentations of fact to Power Up, knowing that such misrepresentations were false, and upon which Power Up relied and was damaged.

11. That as a result of these material misrepresentations, Power Up invested $131,000 in the Defendant and sustained damages thereby.

## AS AND FOR A FIRST CAUSE OF ACTION
## PROMISSORY NOTES DEFAULTS

12.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 11 of this Complaint with the same force and effect as if fully set forth at length herein.

13.  That on or about September 26, 2017, the Defendant as borrower, made, executed and delivered to the Plaintiff a convertible promissory note ("the September Note") in the amount of $53,000, which Note was issued pursuant to a Securities Purchase Agreement ("the September Agreement") of even date, which provided for certain issuance of, and conversion rights in and to the common stock of the Defendant.

14.  That both the Note and the Agreement provided that venue for any action between the parties would be the State of New York, County of Nassau.

15.  That the Note provides in pertinent part that the Defendant must be and remain current in its filing obligations under the Exchange Act of 1933.

16.  That on or about October 19, 2017 the Defendant as borrower, made, executed and delivered to the Plaintiff a convertible promissory note ("the October Note") in the amount of $43,000, which Note was issued pursuant to a Securities Purchase Agreement ("the October Agreement") of even date, which provided for certain issuance of, and conversion rights in and to the common stock of the Defendant.

17.  That on or about January 2, 2018 the Defendant as borrower, made, executed and delivered to the Plaintiff a convertible promissory note ("the January Note") in the amount of $35,000, which Note was issued pursuant to a Securities Purchase Agreement ("the January Agreement") of even date, which provided for certain issuance of, and conversion rights in and to the common stock of the Defendant.

18. That no portion of any of the Notes has been paid through the conversion process or otherwise except for a single conversion on March 27, 2018 under which $6,790 of debt was converted on the September Note leaving a then principal balance of $46,210.

19. That the Defendant has failed to file its 10-K (annual report) with the Securities and Exchange Commission due on March 1, 2018 covering the period ending December 31, 2017 thereby defaulting under all of the Notes and Agreements.

20. That in addition, the Defendant has failed to maintain sufficient shares of corporate stock in reserve, which is a separate and material default under the Notes and Agreements.

21. That as a result of these material defaults, Power Up's counsel caused a notice of default to be served upon the Defendant on April 6, 2018.

22. That the Notes provide, in pertinent part, that the failure to file or delinquency in filing constitutes an event of default under Section 3.2, entitling the Plaintiff to recover 150% of the outstanding principal amount of the Note together with accrued and unpaid interest and default interest.

23. That the Notes also provide, in pertinent part, that the failure to maintain sufficient reserve shares of stock is an additional event of default that entitles the plaintiff to recover 200% of the outstanding principal amount of the Notes together with accrued and unpaid interest and default interest.

24. That the Defendant has caused damages to the Plaintiff in an amount equal to 200% of the principal balance of $46,210 on the September Note; 200% of the principal balance of $43,000 on the October Note and 200% of the principal balance of $35,000 on the January

5

Note, or not less than $248,420 in the aggregate, by failing to cure said default and Plaintiff is entitled to judgment in that amount, together with interest and default interest as set forth therein.

## AS AND FOR A SECOND CAUSE OF ACTION
## BREACH OF CONTRACT – LOST PROFITS

25. Power Up repeats and realleges each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth at length herein.

26. That as a direct result of the defaults of the Defendant and its failure to abide by its contractual obligations, Power Up has been deprived of, and continues to be deprived of, the opportunity to acquire and to sell the common stock of the Defendant at a profit, which profits have been irretrievably lost as the markets for the common stock can no longer be recreated.

27. That by reason of the foregoing, Power Up is entitled to judgment in an amount to be determined by the Court and equal to the lost profits that Power Up would have realized had the stock been made available and delivered to Power Up in accordance with its Conversion Notices.

## AS AND FOR A THIRD CAUSE OF ACTION
## BREACH OF CONTRACT – LITIGATION EXPENSES

28. Power Up repeats and realleges each and every allegation contained in paragraphs 1 through 27 of this Complaint with the same force and effect as if fully set forth at length herein.

29. That the Agreement provides that in the event of a dispute and/or litigation between the parties, the prevailing parties shall be entitled to recover all of its litigation expenses including reasonable attorney fees.

30. That by reason of the foregoing, Power Up is entitled to a judgment against Defendant for the reasonable legal fees and litigation expenses paid or incurred in this action.

**AS AND FOR A FOURTH CAUSE OF ACTION – FRAUD**

31. Power Up repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this Complaint with the same force and effect as if fully set forth at length herein.

32. That on October 18, 2017 and October 19, 2017 Stiles and Bossung met with representatives of the Plaintiff in the Plaintiff's offices in Nassau County, New York and in the Borough of Manhattan, City of New York, respectively.

33. That in each of these meetings Stiles and Bossung made material representations of fact to the Plaintiff's agents, which representations were false, were known by Stiles and Bossung to be false at the time they were made, upon which the Plaintiff reasonably relied, and which representations have caused the damages alleged in this Complaint.

34. That specifically, Stiles and Bossung personally represented that they would be personally responsible for seeing to it and taking all steps necessary to ensure that the Defendant would meet all of its filing requirements on a timely basis as set forth above when in fact they had no intention of doing so.

35. That Stiles and Bossung further represented that adequate share reserves would be maintained so that the conversion process could go further unimpeded in accordance with the Defendant's contractual obligations when in fact Stiles and Bossung had no intention of doing so, such that their representations were false.

36. That in truth and in fact, Stiles and Bossung had a preconceived intention of not causing or allowing the Defendant to meet its contractual obligations to the Plaintiff such that the

Plaintiff was falsely induced into the making of the contractual agreements by their fraud in the first instance.

37.     That Stiles and Bossung further represented that they had a solid working relationship with their auditors who were located in New Jersey, and that they were going to meet with their auditors shortly after the October 17, 2017 meeting to make sure that the auditors had their required information, to make sure that they were paid, and to take all steps necessary to make sure that the auditors would timely file the required reports.

38.     That actually Stiles and Bossung never took any such steps and all of their representations were utterly false, such that the auditors were unwilling or unable to perform their tasks due to the preconceived intention of Stiles and Bossung to withhold payment as required, to fail to provide required information, and to fail to cooperate with the auditors, all to the prejudice and detriment of the Plaintiff.

39.     That by reason of the foregoing, the Plaintiff is entitled to judgment against Stiles and Bossung in the sum of $248,420 plus interest.

**AS AND FOR A FIFTH CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY**

40.     Power Up repeats and realleges each and every allegation contained in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth at length herein.

41.     That in addition to being officers of the Defendant, Stiles and Bossung were also directors of the same and were responsible for the business operations of the Defendant and the care and custody of its assets.

42.     That at all times relevant herein, the Defendant was insolvent both as a result of its inability to pay current debts as and when due and because its liabilities exceeded its assets.

43. That as a result of this insolvency, Stiles and Bossung came to be in a fiduciary relationship to the Plaintiff as a bona fide creditor of the Defendant and where therefore charged with maintaining and disposing of the Defendant's assets so that they could be used to satisfy the obligations owed to the Plaintiff.

44. that Stiles and Bossung failed to do so and failed to use any good faith efforts to ensure that the Defendant's assets would be so used thereby breaching their fiduciary obligations to the Plaintiff.

45. That by reason of the foregoing, Plaintiff is entitled to judgment for $248,420 against Stiles and Bossung.

WHEREFORE, POWER UP demands judgment against Defendants as follows:

(i) For $248,420 on the First Cause of Action;

(ii) For an amount of lost profits to be determined by the Court but not less than $248,420 on the Second Cause of Action;

(iii) Awarding Power Up its reasonable legal fees and costs of litigation on the Third Cause of Action;

(iv) For $248,420 on the Fourth Cause of Action;

(v) For $248,420 on the Fifth Cause of Action; and

(vi) Together with the costs and disbursements of this action, interest at the rate of default as set forth in the Note; pre-judgment interest as provided by statute, and such other and further relief as the Court may deem just and proper.

Dated: Great Neck, New York
      May 18, 2018

                                        NAIDICH WURMAN LLP

                                        By: _____
                                        Richard S. Naidich, Esq. (RSN-4102)
                                        111 Great Neck Road, Suite 214
                                        Great Neck, NY 11021
                                        Telephone: 516-498-2900
                                        Facsimile: 516-466-3555
                                        Attorneys for Plaintiff –
                                        POWER UP LENDING GROUP, LTD.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK          Civil Action No.:
POWER UP LENDING GROUP, LTD.,

                            Plaintiff,

    -against-


GREY CLOAK TECH, INC., PATRICK STILES
AND WILLIAM BOSSUNG,

                           Defendants.

## SUMMONS AND COMPLAINT

**NAIDICH WURMAN LLP**
**ATTORNEYS FOR PLAINTIFF**
**111 GREAT NECK ROAD - SUITE 214**
**GREAT NECK, NEW YORK 11021**
**(516) 498-2900**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

DATED: May 18, 2018                    Signature: _____
                                                     Print: Richard S. Naidich, Esq.

Service of a copy of the within         is hereby admitted.
Dated:

                                                        Attorney(s) for

PLEASE TAKE NOTICE

NOTICE OF ENTRY   that the within is a (certified) true copy of an Order entered in the office of the clerk of the within named Court on      , 20____.

NOTICE OF SETTLEMENT   that an Order of which the within is a true copy will be presented for settlement to the Hon.     , one of the judges of within named Court, at     on     , 20____ at     a.m.

DATED: Great Neck, New York
         May 18, 2018                        NAIDICH WURMAN LLP
                                                Attorneys for Plaintiff
                                                111 Great Neck Road - Suite 214
                                                Great Neck, New York 11021
                                                (516) 498-2900